**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RODERICK WASHINGTON | 1:08-cv-01939 TAG (HC) |
| Petitioner, | ORDER OF TRANSFER |
| vs. | |
| ALLEN K. SCRIBNER, et al., | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, Petitioner is challenging the conditions of parole that preclude him from living near schools or children because he is registered sex offender. The instant petition for writ of habeas corpus was filed on December 18, 2008.  (Doc. 1) The petition indicates that Petitioner was last incarcerated in Lancaster, California, which is in Los Angeles County and within the Central District of California.  On December 23, 2008, Petitioner filed a notice of change of address. (Doc. 13) The

notice of change of address indicates that Petitioner currently resides in Los Angeles, California, which is also within Los Angeles County and the Central District of California. The petition also reflects that Petitioner is undergoing parole supervision in Los Angeles County. It appears the only connection between the instant action and the Eastern District of California is the fact that Petitioner was originally convicted in Kings County, California. Based on the foregoing, the Court concludes that the petition should have been filed in the United States District Court for the Central District of California.

In the interest of justice, a federal court may transfer a case filed in the wrong district to the correct district. <u>See</u> 28 U.S.C. § 1406(a); <u>Starnes v. McGuire</u>, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated:  **December 31, 2008**              /s/ Theresa A. Goldner
                                        UNITED STATES MAGISTRATE JUDGE

2